THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY JOHNSON, Appellant. [776 NYS2d 470]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered July 15, 2002, convicting defendant, after a

jury trial, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of six years, unanimously affirmed.

The court properly exercised its discretion in imposing reasonable limits on defendant's cross-examination of a police witness. Defendant received a full opportunity to inquire into all matters relevant to the officer's credibility, including the officer's allegedly improper discharge of his weapon and the ensuing police investigation. The precluded questions were irrelevant, improper in form, or likely to mislead the jury. To the extent that defendant is raising a constitutional right to ask these questions, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that there was no violation of defendant's right to confront the witness (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

As the People concede, the plea allocution of another defendant should not have been admitted against defendant. However, we find that the error was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]), since there was overwhelming evidence of defendant's guilt and the plea minutes added little or nothing to the People's case. Concur—Mazzarelli, J.P., Saxe, Sullivan, Friedman and Gonzalez, JJ.